UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. |
| | : |
| | : Crim. No. 14- 500(KM) |
| v. | : |
| | : 18 U.S.C. § 1343, |
| | : 18 U.S.C. §§ 1030(a)(2)(C) and |
| MIRCEA-ILIE ISPASOIU | : (c)(2)(B)(i), |
| | : 18 U.S.C. §§ 1030(a)(5)(B) and |
| | : (c)(4)(A)(i)(I), |
| | : 18 U.S.C. § 1028A(a)(1), |
| | : and |
| | : 18 U.S.C. § 2 |

### INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

### COUNTS ONE AND TWO
(Wire Fraud)

#### Introduction

1.  From at least as early as in or about August 2011 through at least as late as in or about February 2014, defendant MIRCEA-ILIE ISPASOIU ("ISPASOIU"), a computer hacker based in Romania, penetrated the computer networks of retailers, security companies, medical offices, and individuals in the United States (collectively, the "Victim Computers"), and stole user names and passwords ("Log-In Credentials"), means of identification ("Personal Data"), credit and debit payment card data ("Payment Card Data"), and corresponding personal identification information ("PII") of cardholders (collectively the "Stolen Data").

## Background

2. At various times relevant to this Indictment:

   a. Defendant ISPASOIU was a computer hacker, who resided in or near Drobeta-Turnu Severin, Romania, and was employed as a computer systems administrator at a large financial institution in Romania.

   b. "Victim #1," known to the Grand Jury, was a restaurant located in or around Montclair, New Jersey.

   c. "Victim #2," known to the Grand Jury, was a car dealership located in or around North Brunswick, New Jersey.

   d. "Victim #3," known to the Grand Jury, was a large security firm operating throughout the United States.

   e. "Victim #4," known to the Grand Jury, was a medical office located in or around Phoenix, Arizona.

   f. "Malware" was malicious computer software programmed to, among other things, gain unauthorized access to computers; to identify, store, and export information from hacked computers; and to evade detection of intrusions by anti-virus programs and other security features running on those computers.

### The Scheme to Defraud

3.  From at least as early as in or about August 2011 through at least as late as in or about February 2014, in the District of New Jersey, and elsewhere, defendant

### MIRCEA-ILIE ISPASOIU

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud Victim #1, Victim #2, Victim #3, Victim #4, and others, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing and attempting to execute such scheme and artifice to defraud, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, and sounds.

### Object of the Scheme

4.  It was the object of the scheme for defendant ISPASOIU to enrich himself by hacking into Victim Computers to steal and then use the Stolen Data, or to otherwise profit from his unauthorized access.

### Manner and Means of the Scheme

5.  It was part of the scheme to defraud that after gaining unauthorized access to the Victim Computers, defendant ISPASOIU caused malware to be installed onto the Victim Computers, including key-logging software that recorded the keystrokes being entered into the Victim Computers and recorded images of what was displayed on the screens of the Victim Computers, thereby

allowing defendant ISPASOIU to capture Stolen Data as it was being entered into, or viewed on, the Victim Computers.

6. It was further part of the scheme to defraud that defendant ISPASOIU caused the malware installed on the Victim Computers to be configured to exfiltrate the Stolen Data to email addresses that defendant ISPASOIU controlled.

7. It was further part of the scheme to defraud that defendant ISPASOIU caused the Stolen Data to be exchanged with others using email.

8. It was further part of the scheme to defraud that defendant ISPASOIU used the Stolen Data to incur unauthorized charges and to make unauthorized money transfers.

9. It was further part of the scheme to defraud that during the course of the scheme, defendant ISPASOIU caused the following Victim Computers to be compromised, among others, and acquired Stolen Data from them:

    a. In or around August 2011, defendant ISPASOIU gained access to a computer located in New Jersey that was affiliated with Victim #1 and caused malware to be placed on Victim #1's network. Using this malware, defendant ISPASOIU stole information from Victim #1, including Log-In Credentials, that was then sent to an email address controlled by defendant ISPASOIU.

    b. In or around October 2011, defendant ISPASOIU gained access to a computer located in New Jersey that was affiliated with Victim #2 and

caused malware to be placed on Victim #2's network. Using this malware, defendant ISPASOIU stole information from Victim #2, including Log-In Credentials, that was then sent to an email address controlled by defendant ISPASOIU.

        c.    In or around September 2012, defendant ISPASOIU gained access to a computer affiliated with Victim #3 and caused malware to be placed on Victim #3's network. This malware infected a computer that had access to the system that ran background checks on applicants for jobs and captured the PII of applicants, including their names, addresses, social security numbers, and fingerprints. Using this malware, defendant ISPASOIU stole information from Victim #3, including Personal Data, that was then sent to an email address controlled by defendant ISPASOIU.

        d.    In or around September 2012, defendant ISPASOIU gained access to a computer affiliated with Victim #4 and caused malware to be placed on Victim #4's network. Using this malware, defendant ISPASOIU stole information from Victim #4, including Log-In Credentials and Payment Card Data, that was then sent to an email address controlled by defendant ISPASOIU.

10. On or about the dates set forth below, for the purpose of executing the scheme and artifice described above, and attempting to do so, in the District of New Jersey and elsewhere, defendant MIRCEA-ILIE ISPASOIU, for the purpose of executing the scheme and artifice, knowingly transmitted and caused to be transmitted by means of wire communications in interstate and foreign commerce the signals and sounds described below, each transmission constituting a separate count of this Indictment:

| COUNT | APPROXIMATE DATE | DESCRIPTION |
| --- | --- | --- |
| 1 | August 13, 2011 | Defendant ISPASOIU, from ROMANIA, accessed Victim #1's computer network in New Jersey by means of the Internet |
| 2 | November 15, 2011 | Defendant ISPASOIU, from ROMANIA, accessed Victim # 2's computer network in New Jersey by means of the Internet |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS THREE AND FOUR
(Unauthorized Computer Access to Obtain Information)

1. The allegations set forth in Paragraphs 1, 2 and 5 through 9 of Counts One and Two of this Indictment are hereby repeated, realleged, and incorporated as if fully set forth herein.

2. On or about the dates set forth below, in the District of New Jersey and elsewhere, defendant

**MIRCEA-ILIE ISPASOIU**

by means of interstate communications, did intentionally access computers without authorization, and exceeded authorized access, and thereby obtained information from protected computers, namely Stolen Data, for the purpose of commercial advantage and private financial gain.

| COUNT | APPROXIMATE DATE RANGE | VICTIM | LOCATION |
|---|---|---|---|
| 3 | August 13, 2011 to April 9, 2012 | Victim #1 | In or around Montclair, New Jersey |
| 4 | October 27, 2011 to January 16, 2013 | Victim #2 | In or around North Brunswick, New Jersey |

In violation of Title 18, United States Code, Sections 1030(a)(2)(C) and (c)(2)(B)(i) and 2.

7

## COUNTS FIVE AND SIX
(Unauthorized Computer Access that Caused Damage)

1. The allegations set forth in Paragraphs 1, 2 and 5 through 9 of Counts One and Two of this Indictment are hereby repeated, realleged, and incorporated as if fully set forth herein.

2. On or about the dates set forth below, in the District of New Jersey and elsewhere, defendant

## MIRCEA-ILIE ISPASOIU

intentionally accessed a protected computer without authorization, and as a result of such conduct and a related course of conduct, caused damage and at least $5,000 in loss to one or more persons during a one-year period.

| COUNT | APPROXIMATE DATE RANGE | VICTIM | LOCATION |
|---|---|---|---|
| 5 | August 13, 2011 to April 9, 2012 | Victim #1 | In or around Montclair, New Jersey |
| 6 | October 27, 2011 to January 16, 2013 | Victim #2 | In or around North Brunswick, New Jersey |

In violation of Title 18, United States Code, Sections 1030(a)(5)(B) and (c)(4)(A)(i)(I) and 2.

## COUNTS SEVEN THROUGH NINE
(Aggravated Identity Theft)

1. The allegations set forth in Paragraphs 1, 2 and 5 through 9 of Counts One and Two of this Indictment are hereby repeated, realleged, and incorporated as if fully set forth herein.

2. On or about the dates set forth below, in the District of New Jersey and elsewhere, defendant

**MIRCEA-ILIE ISPASOIU,**

during and in relation to felony violations of 18 U.S.C. § 1343, 18 U.S.C. §§ 1030(a)(2)(C) and (c)(2)(B)(i), and 18 U.S.C. §§ 1030(a)(5)(B) and (c)(4)(A)(i)(I) as set forth in Counts One through Six of this Indictment, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, as set forth in the individual counts below:

| COUNT | APPROXIMATE DATE | MEANS OF IDENTIFICATION |
|---|---|---|
| 7 | November 15, 2011 | Log-In credentials for a payroll website for an individual with the initials K.B. acquired from Victim #2. |
| 8 | December 6, 2011 | Name, address, social security number, date of birth, and phone number for an individual with the initials R.T. acquired from Victim #2. |
| 9 | December 22, 2011 | Log-In credentials for a bank for an individual with the initials K.B. acquired from Victim #2. |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

9

**FORFEITURE ALLEGATION**
(COUNTS ONE, TWO, AND SEVEN THROUGH NINE)

1. Upon conviction of one or more of the offenses alleged in Counts One, Two, and Seven through Nine of this Indictment, defendant MIRCEA-ILIE ISPASOIU shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such violations.

**FORFEITURE ALLEGATION**
(COUNTS THREE THROUGH SIX)

2. Upon conviction of the offense alleged in Counts Three through Six of this Indictment, defendant MIRCEA-ILIE ISPASOIU shall forfeit to the United States, pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i), any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense, and any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

**SUBSTITUTE ASSETS PROVISION**

3. If any of the property described above, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

A True Bill,

_____
Foreperson

*[signature: Paul J. Fishman]*

PAUL J. FISHMAN
United States Attorney

CASE NUMBER: 14-cr-500(KM)

United States District Court
District of New Jersey

UNITED STATES OF AMERICA

v.

MIRCEA-ILIE ISPASOIU

INDICTMENT FOR
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 1030(a)(2)(C)
18 U.S.C. § 1030(a)(5)(B)
18 U.S.C. § 1343
18 U.S.C. § 2

PAUL J. FISHMAN
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

DANIEL SHAPIRO
*ASSISTANT U.S. ATTORNEY*
*(973) 353-6087*

USA-48AD 8
(Ed. 1/97)