

**Mircea-Ilie Ispasoiu**
**Essex County Correctional Facility**
**354 Doremus Ave (4B1)**
**Newark New Jersey 07105**

September 23, 2015

William T. Walsh
District Court Clerk
The District of New Jersey
M.L. King Jr. Federal Bldg
50 Walnut Street
Newark NJ, 07102

To: The District Court of New Jersey,
Re: Indictment# 14-500(KM)

Dear Judge McNulty,

    Please accept this letter as a formal request to replace my court appointed lawyer. I am a federal inmate currently housed at the Essex County Correctional Facility pending trial in this criminal matter against me (Indictment# 14-500(KM)). I was arraigned March 28, 2015 during which the court appointed Mr. Kevin Carlucci, an assistant federal public defender to represent me in this matter.

    I have been held without bail in this matter and the court appointed lawyer (Mr. Kevin Carlucci) after numerous tries to contact him, has failed to visit me in the county jail to discuss my case with me or provide me with necessary informations about my case.

    During my arraignment, the Magistrate Judge requested that the government bring me back to court for bail hearing but that was never done. As we all understand, in our society liberty norm and the right to bail before trial should not be denied except in capital cases, without this conditional privilege, even those wrongly accused are punished by a period of imprisonment while awaiting trial and are handicapped in consulting counsel, searching for evidence and witnesses, and preparing a defense. To open a way of escape from this handicap and possible injustice, Congress commands allowance of bail for one under charge of any offense not punishable by death, Fed. Rules Crim.Proc. 46(a)(1) providing: A person arrested for an offense not punishable by death shall be admitted to bail before conviction. See Stack v. Boyle, 342 U.S. 1, 5, 72 S. Ct. 1, 4, 96 L. Ed. 3 (1951).



The court appointed attorney, Mr. Kevin Carlucci has been ineffective, and he has not provided me with the required assistance guaranteed by the Sixth Amendment. The Sixth Amendment guarantees a right to counsel at critical stages of a criminal proceeding. See Montejo v. Louisiana, 556 U.S. 778, 786, 129 S.Ct. 2079, 173 L.Ed.2d 955 (2009). Those critical stages include some pretrial proceedings, such as postindictment interrogations, postindictment identifications, and postindictment plea negotiations. See Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964) (postindictment interrogations); United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) (postindictment lineups). I have been indicted in this charges and I have not received adequate assistance as guaranteed by the United States Constitution.

I would like to request the court to appoint me a new lawyer who will provide me a full and sound assistance in this criminal matter. Failure to provide me a new lawyer may lead to ineffective assistance claim pursuant to 28 U.S.C.A. § 2255.

I will positive if my request in granted and thank you for your courtesy in this matter.

Respectfully,

Mircea-Ilie Ispasoiu

Mircea-Ilie Ispasoiu
Essex County Correctional Facility
354 Doremus Ave (4B1)
Newark New Jersey 07105



25 SEP 2015 PM 4 L

William T. Walsh
The District Court Clerk
District of New Jersey
M.L. King Jr. Federal Bldg
50 Walnut Street
Newark New Jersey 07102

0710267015