Mr. Mircea-Ilie Ispasoiu #J-2015-03840
Essex County Correctional Facility
354 Doremus Ave
Newark, New Jersey, 07105

December 16, 2015

Honorable Judge Kevin McNulty
The District of New Jersey
M.L. King Jr. Federal Bldg
50 Walnut Street
Newark NJ, 07102

Re: **United States v. Mircea-Ilie Ispasoiu**
**Indictment No. 14-500(KM)**
**Request to replace Attorney**

Dear Honorable Judge McNulty,

    Please accept this letter as a formal request to replace my court appointed lawyer. I am a federal inmate currently housed at the Essex County Correctional Facility pending trial in this criminal matter. I was arraigned March 28, 2015 at which time the court appointed Mr. Kevin Carlucci, an assistant federal public defender to represent me in this matter. Mr. Carlucci has failed to come see me, answer any of my calls and my family members calls. Mr. Kevin Carlucci has also failed to discuss any type of meaningful pre-trial or trial strategies with the Defendant. Therefore, Mr. Kevin Carlucci failed to familiarize himself with this matter. Mr. Kevin Carlucci actions fall in the category Ineffectiveness.

    The Pre-trial stages are the "critical" stages of criminal proceedings, effective assistance is guaranteed for the whole ... process." **See Williams v. Jones, 571 F.3d 1086 (10th Cir.2009).** An accused's right to be represented by counsel is a fundamental component of our criminal justice system. Lawyers in criminal cases "are necessities, not luxuries." Their presence is essential because they are the means through which the other rights of the person on trial are secured. Without counsel, the right to a trial itself would be "of little avail," as the Supreme Court has stated: **"Of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive for it affects his ability to assert any other rights he may have."**

   The special value of the right to the assistance of counsel explains why "[i]t has long been recognized that the right to counsel is the right to the effective assistance of counsel." **McMann v. Richardson, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)**. The text of the Sixth Amendment itself suggests as much. The Amendment requires not merely the provision of counsel to the accused, but "Assistance," which is to be "for his defense." Thus, "the core purpose of the counsel guarantee was to assure 'Assistance' at trial, when the accused was confronted with both the intricacies of the law and the advocacy of the public prosecutor." **United States v. Ash, 413 U.S. 300, 309, 93 S.Ct. 2568, 2573, 37 L.Ed.2d 619 (1973)**. If no actual "Assistance" "for" the accused's "defense" is provided, then the constitutional guarantee has been violated. To hold otherwise "could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of **[466 U.S. 655]** assistance of counsel cannot be satisfied by mere formal appointment." **Avery v. Alabama, 308 U.S. 444, 446, 60 S.Ct. 321, 322, 84 L.Ed. 377 (1940)**.

   At this time, I humbly request this Court to replace my current attorney Mr. Kevin Carlucci with a CJA attorney. I would also like to thank this Court for its time and assistance in resolving this matter.

                         Respectfully Submitted
                         Mr. Mircea-Ilie Ispasoiu

Cc: Mr. Kevin Carlucci, Asst. Federal Public Defender



Mr. Wincen-Ilie Ispasoiu #J-2015-03840
Essex County Correctional Facility
354 Doremus Ave
Newark, New Jersey, 07105

Honorable Judge Kevin McNulty
The District of New Jersey
M.L. King Jr. Federal Bldg
50 Walnut Street
Newark NJ, 07102